PER CURIAM.
The Township of Parsippany-Troy Hills (Township) appeals from a Tax Court judgment regarding the assessment of lands in the Township owned by the City of Jersey City (City) and used as a municipal water supply. The property consists of 1,174.66 acres, of which 710.2 acres are under 7.3 billion gallons of water. A detailed statement of facts is contained in the Tax Court’s opinion. Jersey City v. Township of Parsippany-Troy Hills, 16 N.J.Tax 504 (Tax 1997).
The evidence presented the Tax Court with a sharply defined dispute. The Township contended that the highest and best use of the submerged lands and buffer lands is as a reservoir. Utilizing a cost approach, the Township sought an assessment based on the value of the land for development purposes, as if the water did not exist, or approximately $30,000 per acre. The City contended that the highest and best use is for conservation and open space. The Tax Court agreed with the City’s position and valued the *540 submerged lands at $2,300-$2,400 per acre and the buffer lands at $6,790-$7,000 per acre.
The Township’s contention that the highest and best use of these lands, submerged and buffer, is as a reservoir, finds support in Hackensack Water Co. v. Borough of Old Tappan, 77 N.J. 208, 390 A.2d 122 (1978), which involved the assessment of a reservoir and surrounding watershed owned by a private water company. The Court held that the lower tribunal should have considered “the actual highest and best use of the land, namely as a reservoir in conjunction with the operation of a utility water system.” Id. at 214, 390 A.2d 122. Even if Old Tappan applies to a municipally owned reservoir, we reject the Township’s reliance on the development value of the submerged land. Old Tappan rejected development value as a standard because in that case the expense of converting the submerged land into a tract suitable for development would exceed the value of the developable property. Id. at 213, 390 A.2d 122. The Court ruled that “the [Division of Tax Appeals’] finding that financially it was not feasible to develop the property for residential use was fully supportable in the record.” Id. at 214, 390 A.2d 122. Thus, we conclude that value as a reservoir is not the same as development value where, as in the present case, the proofs demonstrate that the lands will remain submerged well into the future. Cf. Hackensack Water Co. v. Woodcliff Lake Borough, 9 N.J.Tax, 545, 553, 557 (Tax 1988) (finding that highest and best use is as a reservoir and that the true value of the submerged land was less than 25% of its value for residential development).
The Township’s reliance on Newark v. Cedar Grove Township, 7 N.J.Tax 66 (Tax 1984) is misplaced. In that case the reservoir owner, the City of Newark, took the position that the highest and best use of the reservoir was for residential development, and that its development value had to be reduced by approximately 50% to adjust for the cost of restoring the land “to its original condition.” Id. at 71.
*541 In the present case, the Township presented no evidence regarding the value as a reservoir other than the development value of dry land. Given the stark choice between development value and the submerged property’s value for conservation and open space, the Tax Court’s findings are supported in the evidence, and we affirm on this issue substantially for the reasons expressed by Judge Kuskin in his opinion. Jersey City v. Township of Parsippany-Troy Hills, 16 N.J.Tax 504 (Tax 1997).
The court also found that ninety-three acres of the City’s property was developable uplands and that the highest and best use of those lands was for townhouse development. The uplands are in the Township’s R-3 zone which permits a density of 2.5 townhouse units per acre. The court found a per unit value of $15,000 and that 233 units could be built on the uplands. Using an upward adjustment of 3%, the court determined that the value of the ninety-three acres was $3,599,900.
The Township argues that the “valuation of the purported 93 acres of developable uplands is not supported by the record.” We disagree and affirm substantially for the reasons stated by Judge Kuskin in his opinion. 16 N.J.Tax at 529-33. We add the following observation.
The Township contends that its zoning ordinance permits “a density bonus, or clustering option, granted for unusable land____” (Appellant’s brief p. 28) According to the Township “[t]he clustering option available under the ordinance allows the owner to calculate density using the entire tract as a basis.” The Township concludes that more than 2.5 units per acre could be built on the ninety-three acres. Indeed, the argument suggests that over 2,000 units could be constructed on the ninety-three acres. In making this argument, the Township relies on § 19.55 of the zoning ordinance at page 274 of its appendix. That section on its face does not apply to townhouses or to development in the R-3 zone.
*542 The Township’s contention that the city failed to meet its burden of proof is without merit. R. 2:ll-3(e)(l)(E).
Affirmed.